UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MEDIA PRODUCTS, INC. DBA DEVIL'S            :
FILM,                                        :
                                             :
                        Plaintiff,           :        12 Civ. 3719 (HB)
                                             :
            -against-                        :        DECISION & ORDER
                                             :
DOES 1–26,                                   :
                                             :
                        Defendants.          :
------------------------------------------------------------X

**Hon. HAROLD BAER, JR., District Judge[1]:**

On May 9, 2012, Plaintiff filed a complaint against twenty-six unidentified defendants ("Does 1–26" or "Doe defendants"), who allegedly downloaded a copyrighted pornographic movie through the peer-to-peer file-sharing program BitTorrent. Compl. ¶¶ 8, 9. On May 15, 2012, Plaintiff filed an ex parte motion seeking permission to take expedited discovery from third-party Internet Service Providers ("ISPs") to identify the true names, addresses, e-mail addresses, and Media Access Control addresses of the Doe defendants.

The Court concludes that there is good cause to allow some expedited discovery in this case; without it, Plaintiff will not be able to ascertain the identities of the Doe defendants or to effect service upon them. Absent a court-ordered subpoena, many of the ISPs—those that qualify as "cable operators" for the purposes of 47 U.S.C. § 522(5)—are effectively prohibited by 47 U.S.C. § 551(c) from disclosing the identities of any of the Doe defendants to Plaintiff. *See Digital Sin, Inc. v. Does 1–176*, No. 12-CV-00126 (AJN), 2012 WL 263491, at *2 (S.D.N.Y. Jan. 30, 2012) ("Indeed, in all of the opinions and rulings in similar cases around the country, the Court has found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers.").

Nevertheless, the Court believes that Plaintiff's proposed order lacks adequate protections for the Doe defendants and is otherwise inappropriate. *See* Proposed Order. This

---

[1] I have based this Order on one recently issued by Judge Oetken, with certain modifications. *See Malibu Media, LLC, v. John Does 1–5*, No. 12 Civ. 2950 (JPO) (S.D.N.Y. June 1, 2012) (ECF No. 7) (order providing procedures to identify defendants).

Court shares in the growing concern over the unscrupulous tactics used by certain plaintiffs, particularly those from the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded. *See, e.g.*, *Digital Sins, Inc. v. John Does 1–245*, No. 11 Civ. 8170(CM), 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012); *In re BitTorrent Adult Film Copyright Infringement Cases*, Nos. 11-3995, 12-1147, 12-1150, 12-1154, 2012 WL 1570765, at *5 (E.D.N.Y. May 1, 2012); *Digital Sin, Inc. v. Does 1–176*, 2012 WL 263491, at *3.

The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer. *See e.g.*, *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, at *3 ("[T]he assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time."). Indeed, the true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering an internet connection. There is a real risk that defendants might be falsely identified and forced to defend themselves against unwarranted allegations. *See, e.g.*, *Digital Sin, Inc. v. Does 1–176*, 2012 WL 263491, at *3 (noting that individuals identified by ISPs in cases against John Doe defendants concerning alleged infringement of adult films may not be the individuals who downloaded the films at issue); *Digital Sin, Inc. v. John Does 1–179*, No. 11 Civ. 8172 (KBF) (S.D.N.Y. Feb. 1, 2012) (ECF No. 7) ("[S]uch discovery creates a cognizable risk that the names produced could include individuals who did not in fact download the copyrighted material."). In such cases, there is a risk not only of public embarrassment for the misidentified defendant, but also that the innocent defendant may be coerced into an unjust settlement with the plaintiff to prevent the dissemination of publicity surrounding unfounded allegations. The risk of a shake-down is compounded when the claims involve allegations that a defendant downloaded and distributed sexually explicit material. *See, e.g.*, *Digital Sins, Inc. v. John Does 1–245*, 2012 WL 1744838, at *3 ("This is particularly important because the nature of the alleged copyright infringement—the downloading of an admittedly pornographic movie— has the potential for forcing coercive settlements, due to the potential for embarrassing the defendants, who face the possibility that plaintiffs thus-far-unsubstantiated and perhaps erroneous allegation will be made public."); *Next Phase Distribution, Inc. v. Does 1–138*, No. 11

Civ. 9706(KBF), 2012 WL 691830, at *2 (S.D.N.Y. Mar. 1, 2012) (noting "the highly sensitive nature and privacy issues that could be involved with being linked to a pornography film"); *SBO Pictures, Inc. v. Does 1–3036*, No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011).

Not surprisingly, several courts have observed that Doe defendants, whose direct contact information has been disclosed, are at particular risk of receiving coercive phone calls. Such defendants are threatened with public filings that link them to alleged illegal copying and distribution of pornographic films, if a settlement fee is not forthcoming. *See, e.g.*, *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, at *13 (ordering that no telephone numbers or e-mail addresses shall be produced); *Hard Drive Productions, Inc. v. Does 1–59*, No. H-12-0699, 2012 WL 1096117, at *2 (S.D. Tex. Mar. 30, 2012) (ordering that no telephone numbers shall be produced); *Digital Sin, Inc. v. Does 1–176*, 2012 WL 263491, at *3 (noting "that Plaintiffs counsel appropriately does not request that the ISPs turn over the John Doe's telephone numbers"). This Court too can see no reason why the disclosure of the Doe defendants' e-mail addresses is necessary at this stage of the litigation to preserve Plaintiff's copyright interests.

The Court concludes that the proposed order submitted by Plaintiff does not provide adequate safeguards to Does 1–26. Accordingly, it is hereby

ORDERED that Plaintiff is allowed to conduct immediate discovery on the ISPs listed in Exhibit A to the Complaint (ECF No. 1). Plaintiff may subpoena the ISPs under Federal Rule of Civil Procedure 45 and seek information sufficient to identify each Doe defendant, including: name, current and permanent address, and Media Access Control ("MAC") address. The subpoena shall have a copy of this order attached. Plaintiff's request to subpoena e-mail addresses of the Doe defendants is DENIED. This Order imposes no discovery obligations on the Doe defendants themselves. It is further

ORDERED that Plaintiff shall immediately serve a copy of this order on the ISPs listed in Exhibit B and that the ISPs shall serve a copy of this order on Does 1–26. Plaintiff shall provide the list of IP addresses with associated Doe numbers to the ISPs so that this list may be included in the notice provided by the ISPs. The ISPs may serve Does 1–26 using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or via overnight service. It is further

ORDERED that Does 1–26 shall have 60 days from the date of service of this order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. The ISPs may not turn over the Doe defendants' identifying information to Plaintiff before the expiration of this 60-day period. Additionally, if a Doe defendant or ISP files a motion to quash the subpoena, the ISPs may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISPs to produce the requested discovery. It is further

ORDERED that a Doe defendant who wishes to proceed anonymously shall send a letter to the Court (without disclosing his or her identity) requesting permission to proceed anonymously and identifying himself or herself by IP address and Doe number (which can be found on the list of IP addresses and associated Doe numbers provided by Plaintiff to the ISPs). Doe defendants may also file a motion to quash or modify the subpoena at the same time, identifying themselves by IP address and Doe number only. If the ISP is notified by a Doe defendant that the Doe defendant has submitted a request to proceed anonymously, the ISP shall not disclose the Doe defendant's personal information until the Court rules on the motion. It is further

ORDERED that as to any Doe defendant whose identifying information is known to Plaintiff, if that Doe defendant applied to proceed anonymously, Plaintiff shall identify such Doe defendant on any filings only by their IP address and Doe number until further order of this Court. It is further

ORDERED that if that 60-day period lapses without a Doe defendant or ISP contesting the subpoena, the ISPs shall have 10 days to produce the information responsive to the subpoena to Plaintiff. A Doe defendant or ISP who moves to quash or modify the subpoena, or to proceed anonymously, shall at the same time as his or her filing also notify all ISPs so that the ISPs are on notice not to release any of the Doe defendant's contact information to Plaintiff until the Court rules on any such motions. It is further

ORDERED that each subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely motion to quash. It is further

ORDERED that an ISP that receives a subpoena pursuant to this order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the

subpoena. An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiff. It is further

ORDERED that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting its rights as set forth in its complaint.

This Order does not reflect any decision of the Court regarding whether venue, jurisdiction, or permissive joinder in this case are appropriate. Such issues will be revisited at a later date.

**SO ORDERED.**

Date: **6/14/12**
New York, New York

**HAROLD BAER, JR.**
**United States District Judge**